UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DOMINGUS NOBREGA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:26-cv-00261-JAW |
| | ) | |
| JEFFREY M. MCILWAIN, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION TO REMAND**

Plaintiff challenges Defendants' removal of this action from state court. (Motion to Remand, ECF No. 10.) Plaintiff contends that remand is required because he has not alleged a claim within the Court's subject matter jurisdiction.

A civil action filed in state court may be removed by the defendant to the appropriate federal district court if the defendant can establish that the complaint provides a basis for federal jurisdiction. 28 U.S.C. § 1441(a). For example, and as relevant here, federal courts have "jurisdiction of all civil actions arising under the Constitution" and other federal laws. 28 U.S.C. § 1331. If, in addition to federal-law claims, a complaint states claims arising under state law based on the same set of facts, a federal district court "may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025) (citing 28 U.S.C. § 1367).

The removing party bears the burden of establishing that removal was proper. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). The language of the removal statute is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941), and ambiguity concerning the basis of removal jurisdiction favors remand, *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004).

In the complaint, Plaintiff cites and alleges violations of the United States Constitution, which claims are within the Court's federal question jurisdiction. Defendants, therefore, have demonstrated that removal was proper. Accordingly, I recommend that the Court deny the motion to remand.

**NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of November, 2026.